CHRISTOPHER KENAHAN, Appellant, *v.* JAMES FITZGERALD, Respondent.

Supreme Court, Appellate Term, First Department, February 27, 1925.

Summary proceeding to dispossess — proceeding by landlord to obtain possession of premises occupied by tenant for his immediate and personal use — landlord desired to remove from sister's home and establish home of his own in premises — statute (Civ. Prac. Act, § 1410, subd. 1-a) permitting recovery of premises for immediate and personal use of landlord should be reasonably interpreted — error to dismiss proceeding.

Dismissal of the landlord's petition in a summary proceeding to dispossess brought by him to obtain possession of premises, occupied by the defendant, tenant, for his immediate and personal use, was erroneous, where it appears that the landlord desired to remove from his sister's home and establish a home of his own in the premises for his own comfort, since the proceeding comes within the exception of the statute .(Civ. Prac. Act, § 1410, subd. 1-a) permitting a landlord to recover possession of premises for his immediate and personal occupancy, which statute should be reasonably interpreted.

APPEAL by landlord from final order of the Municipal Court of the City of New York, Borough of The Bronx, First District, dismissing petition at the close of landlord's case.

*Milton Altschuler,* for the appellant.

*Craig & Craig* [*Agnes M. Craig* of counsel], for the respondent.

PER CURIAM:

The plaintiff, landlord, appeals from a final order dismissing the proceeding brought by him to obtain possession of premises occupied by the defendant, tenant, for the immediate and personal occupancy of the landlord.

Plaintiff testified that he desired possession of the premises for his own use as a residence; that he at present lives with a married daughter in a house she inherited from her mother, and that he has boarded with said daughter ever since the death of his wife; that his daughter is " suffering from nervous prostration and heart trouble and it is anything but pleasant for me to be trying to live there for the simple reason that she is not in condition to attend to me properly as I should, and that is the reason I want to go into my own home; " that he desires to occupy the premises in question with a housekeeper.

On this proof the motion to dismiss the proceeding was granted on the ground that the facts did not bring the proceeding within the exception of the statute providing that " Where the owner of record of the building, being a natural person, seeks in good faith to recover possession of the same, or of a room or rooms, therein, for the immediate and personal occupancy by himself and his family as a dwelling." (See Civ. Prac. Act, § 1410, subd. 1-a, as added by Laws of 1921, chap. 199.)

In *Knowles* v. *Trash* (App. Term, 2d Dept. Dec. 13, 1920) the plaintiff, landlord, a widow without children or dependents, who testified that she wanted to use her property as a boarding house, so as to make a living out of it, was held to come within the exception of the statute and entitled to recover her house.

The language of the statute should be reasonably interpreted. (See Lauer's " The Tenant and his Landlord," 84, 85.)

The dismissal of the proceeding was error.

Final order reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

All concur; present, GUY, McCOOK and PROSKAUER, JJ.